UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL DAVID HARRISON,

    Petitioner,

v.      Case No: 6:22-cv-1406-WWB-DAB
    (6:19-cr-252-WWB-DAB)

UNITED STATES OF AMERICA,

    Respondent.
    /

**ORDER**

This cause is before the Court on the following:

1. Petitioner's Motions to File Reply (Doc. Nos. 8 and 9). Accordingly, it is **ORDERED** that the motions are **GRANTED**. The Clerk of Court shall file the attachment at docket entry number 8 as a Reply to the Government's Response to the Motion to Appoint Counsel. Additionally, the Clerk of Court shall file the attachment at docket entry number 9 as a Reply to the Government's Response to the Motion for Release Pending Adjudication.

2. Petitioner's Motion to Appoint Counsel (Doc. 3). The Government has filed a Response in Opposition. (Doc. 5). The Eleventh Circuit has consistently held that "there is no federal constitutional right to counsel in postconviction

proceedings." *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006). However, this Court may appoint counsel for an indigent prisoner when the interests of justice so requires. 18 U.S.C. § 3006A(a)(2)(B).

The Court has considered the Motion, the Government's Response, and Petitioner's Reply, and concludes that the interests of justice do not warrant appointment of counsel in the case at this time. Accordingly, it is **ORDERED** that the Motion is **DENIED**. In the event that the Court determines that an evidentiary on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is necessary, the motion will be reconsidered at that time.

3.   Petitioner's Motion for Release Pending Adjudication (Doc. 4). Petitioner contends that the interests of justice are not being served by continuing to incarcerate him when the evidence demonstrates that a federal agent committed perjury and he was subject to an illegal search and seizure. (*Id.* at 1).

Federal courts have held that to qualify for post-conviction bond or release, a petitioner must "show: (1) the presence of special circumstances in his case and (2) a clear and readily apparent evident entitlement to relief on the merits of his habeas claims, making his application 'exception and deserving of special treatment in the interest of justice.'" *Wilson v. Sec'y, Dep't of Corr.*, No. 8:15-CV-2084-T-33EAJ, 2016 WL 10891523, at *3 (M.D. Fla. Dec. 15, 2016); *see also Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Furthermore, principles of

2

federalism and comity require a federal court to "tread lightly before interfering with . . . [the] execution of a valid sentence by ordering release on bond." *Wilson*, 2016 WL 10891523, at *2 (citing *Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988)).

The Court has reviewed Petitioner's Motion, the Government's Response, and Petitioner's Reply, and concludes that he has not made the necessary showing. Petitioner fails to demonstrate that there are any special circumstances in his case that warrant post-conviction release. Additionally, it is not clear and readily apparent that Petitioner's claims are meritorious or that perjury was committed by any Government witnesses. Accordingly, it is **ORDERED** that Petitioner's Motion (Doc. 4) is **DENIED**.

4.      Petitioner's Motion for Evidentiary Hearing (Doc. 6). Petitioner's request is premature. The Court will order an evidentiary hearing if it deems one is necessary after consideration of the merits of Motion to Vacate, Set Aside, or Correct Sentence, the Government's Response, and Reply, when filed. Accordingly, it is **ORDERED** that Petitioner's Motion is **DENIED** without prejudice.

4.      Petitioner's Motion for Discovery (Doc. 7). Petitioner requests free copies of evidence introduced at trial and excerpts of transcripts from the trial. (*Id.* at 1). Accordingly, it is **ORDERED** that the Government shall file, within

3

**FOURTEEN (14) DAYS** from the date of this Order, a Response to the Motion indicating whether Petitioner is entitled to copies of the requested documents free of charge.

**IT IS SO ORDERED** on October 14, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party